# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WESLEY C. CHEERS, Inmate #N74494,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **CIVIL NO. 04-136-WDS** |
| **RICHARD  E.  MORGENTHALER,** ) | |
| **JULIUS FLAGG, CHRISTINE BROWN,** ) | |
| **LT. GRACE, and C/O JAMES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against all defendants for violation of the Eighth Amendment for taking the personal property of a qualified individual with a disability.
>
> **COUNT 2**: Against all defendants for violation of the Fourteenth Amendment by taking the personal property of a qualified individual with a disability on a hunger strike but not the property of non-qualified individuals on a hunger strike.

**COUNT 3**:    Against all defendants for violating Plaintiff's right of access to the courts by taking his legal papers, knowing he faced a court deadline.

**COUNT 4**:    Against all defendants for violating Plaintiff's due process rights by taking his personal property without providing him with a disciplinary report.

**COUNT 5**:    Against all defendants for negligence under Illinois law.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that beginning on January 10, 2002, he had staged a hunger strike in his cell. Plaintiff states that Defendants Morgenthaler, Flagg, Brown, Grace and James, repeatedly asked him to end his hunger strike.  When he did not, Morgenthaler ordered Flagg, Grace, and James to enter Plaintiff's cell and remove his legal and personal papers.  Plaintiff told Morgenthaler that he needed his legal papers to finish his habeas corpus petition or he would miss a deadline in the case. Morgenthaler told Plaintiff he would return the property if he ended his hunger strike.  Plaintiff

states that later Brown ordered Grace and James to take all of Plaintiff's underwear and personal hygiene items.  Brown told Plaintiff that he would get his property back when he ended his hunger strike.  Plaintiff ended his hunger strike and requested return of his property.  Grace and James told Plaintiff that it could not be found.

## <u>COUNT 1</u>

### <u>*Cruel and Unusual Punishment*</u>

Plaintiff states that defendants' removal of his personal property constituted cruel and unusual punishment in violation of the Eighth Amendment.  The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime *.Id., (quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective

component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id*.  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).  In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *See also McNeil*, 16 F.3d at 124.  Based on these standards, Plaintiff has not stated a claim under the Eighth Amendment because he has not stated that he was denied "the minimal civilized measures of life's necessities."

<u>*Qualified Individual with a Disability*</u>

Plaintiff states that as a qualified individual with a disability, it was a constitutional violation to take his property.  Although it is not perfectly clear what constitutional right Plaintiff is attempting to state based on his disability, the Court believes he is attempting to assert a claim under the Americans with Disabilities Act (ADA).  The Supreme Court has held that the ADA applies to prisons.  *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998).  However, the Seventh Circuit has held that claims under the ADA must be raised in state court, not in federal court.  *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir.

- 4 -

2000).  *See also Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000).  Therefore, plaintiff's claims under the ADA are dismissed without prejudice to his pursuing those claims in state court.  Based on the foregoing, Plaintiff's claims under Count 1 are **DISMISSED** from the action.

## COUNT 2

Plaintiff states that defendants violated the guarantee of equal protection in the Fourteenth Amendment, because he, a qualified individual with a disability and on a hunger strike, had his property confiscated by defendants, while other non-qualified individuals on hunger strikes did not. The Equal Protection clause of the Fourteenth Amendment requires that "inmates be treated equally unless unequal treatment bears a rational relation to a legitimate penal interest."  *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000).  However,

> The Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action."  *Brisco v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation.  *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam)."  'Discriminatory purpose,' however, implies more than intent as volition or intent as awareness of consequences."  *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979). It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group. *See id.*

*Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).  Although Plaintiff states that he was treated differently from other inmates who were on hunger strikes but who were not qualified individuals with a disability, he fails to make allegations necessary to the success of his equal protection claim. Plaintiff does not allege that his property was taken *because* of his status as a qualified individual

with a disability who was on a hunger strike. Without this statement of purposeful discrimination, he does not state a claim. Accordingly, plaintiff's equal protection claim is **DISMISSED** with prejudice from the action.

## COUNT 3

Plaintiff states that defendants took his legal papers knowing that he had a court deadline to meet, ultimately causing Plaintiff's habeas corpus petition to be rejected. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603. Based on these standards, Plaintiff's claim that he was denied access to courts cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

- 6 -

## COUNT 4

Plaintiff states that defendants took his personal property without providing him with a disciplinary report, in violation of due process.   Plaintiff does have a right under the Fourteenth Amendment to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983.  This claim is **DISMISSED** from the action with prejudice.

## COUNT 5

Plaintiff alleges violation of the state tort of negligence in connection with the constitutional claims outlined in Counts 1- 4.  Because the Court has dismissed Plaintiff's federal claims alleged in Counts 1, 2, and 4, the Court declines to exercise supplemental jurisdiction over these related state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff may proceed on his negligence claim related to denial of access to courts.

## SUMMARY AND CONCLUSION

In summary, Plaintiff is allowed to proceed against all defendants on Count 3, and against all defendants on Count 5 *only* as it relates to his allegations of denial of access to courts.  Counts

1, 2, and 4, are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **RICHARD E. MORGENTHALER, JULIUS FLAGG, CHRISTINE BROWN, LIEUTENANT GRACE, and C/O JAMES**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **RICHARD E. MORGENTHALER, JULIUS FLAGG, CHRISTINE BROWN, LIEUTENANT GRACE, and C/O JAMES** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  <u>September 21, 2005</u>**


**_s/ WILLIAM D.  STIEHL_**
**DISTRICT JUDGE**