# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY C. CHEERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-CV-136-WDS |
| ) | |
| RICHARD E. MORGENTHALER, ) | |
| JULIUS FLAGG, CHRISTINE ) | |
| BROWN, LT. GRACE, and C/O ) | |
| JAMES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 41), that defendants' motions to dismiss (Docs. 19, 34) be granted in part and denied in part. Specifically, the magistrate recommended that plaintiff's claims for damages and injunctive relief be dismissed without prejudice, that his claims against defendant Christine Brown be dismissed, and that Count 5 be dismissed. Defendants have filed objections to the recommendation (Doc. 42); therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which written objections were made. Plaintiff has not objected to the report and recommendation.

## BACKGROUND

Plaintiff is currently an inmate in the custody of the Illinois Department of Corrections. His complaint is brought pursuant to 42 U.S.C. § 1983 and alleges violations of his constitutional rights under the First, Eighth and Fourteenth Amendments. The alleged violations occurred while plaintiff was incarcerated at Pinckneyville Correctional Center. At all times material,

defendants were employed at Pickneyville.

As summarized by the magistrate judge, plaintiff alleges the following in his complaint:[1]

> On January 10, 2002, [plaintiff] staged a hunger strike in his cell. (Doc. 1, p. 4). Defendants Morgenthaler, Flagg, Brown, Grace and James repeatedly asked Cheers to end his hunger strike. (Doc. 1, p. 5). After 72 hours on the hunger strike, [plaintiff] was taken to the hospital where Morgenthaler, the Assistant Warden at Pickneyville, asked him "what he was doing?" [Plaintiff] told Morgenthaler that he was working on a habeas petition which had upcoming deadlines. *Id.* Morgenthaler then told Flagg to go with Grace and James to [plaintiff's] cell and take all of his "legal property." *Id.* After they took all of his "legal and personal property," which included personal items such as family photographs, Morgenthaler told Cheers that he would get his property back when he came off his hunger strike. *Id.*
>
> At some later point Brown, the healthcare administrator at Pickneyville, instructed Grace and James to remove [plaintiff's] underwear and hygiene items from his cell, which they did. (Doc. 1, p. 5). [Plaintiff] subsequently ended his hunger strike; however, he was informed that none of his items could be found. *Id.* He filed a grievance and the grievance was denied. *Id.*
>
> On February 27, 2004, [plaintiff] filed a *pro se* complaint in this case. Within this complaint, Cheers requested declaratory and injunctive relief as well as compensatory and punitive damages.

(Doc. 41, p. 2). In an Order dated September 21, 2005 (Doc. 11), this Court separated plaintiff's claims pursuant to Fed. R. Civ. P. 8(f) and 10(b) as follows:

COUNT 1:   Against all defendants for violation of the Eighth Amendment for taking the personal property of a qualified individual with a disability.

COUNT 2:   Against all defendants for violation of the Fourteenth Amendment by taking the personal property of a qualified individual with a disability on a hunger strike but not the property of non-qualified individuals on a hunger strike.

COUNT 3:   Against all defendants for violating plaintiff's right of access to the courts by taking his legal papers, knowing he faced a court deadline.

COUNT 4:   Against all defendants for violating plaintiff's due process rights by taking his personal property without providing him with a disciplinary report.

---

[1] Defendants do not object to the magistrate's Findings of Fact.

2

COUNT 5:   Against all defendants for negligence under Illinois law.

Counts 1, 2, and 4 were previously dismissed by the Court. (Doc. 11). Defendants filed two identical motions to dismiss the remaining counts. (Docs. 19, 34).[2] Magistrate Judge Wilkerson recommended that defendants' motions be granted in part with respect to the following arguments: *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's claim for damages in Count 3; plaintiff's request for injunctive relief in Count 3 is moot; plaintiff's claim for negligence in Count 5 is barred by sovereign immunity; and defendant Brown should be dismissed from Count 3 because she had no involvement in the access to courts claim. Also, with respect to Count 3, the magistrate recommended that defendants' motions be denied in part as to defendants' argument that *Heck, Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998), and *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999) bar plaintiff's claim for declaratory relief with.

Defendants object only to the magistrate's recommendation that defendant's motion to dismiss be denied in part with respect to the defendants' argument that *Heck* bars plaintiff's prayer for declaratory relief with respect to his access to courts claim. As stated above, the Court will review defendants' argument *de novo*.

Count 3 of plaintiff's complaint alleges deprivation of access to the courts and seeks damages and declaratory relief. The magistrate recommended that plaintiff's request for damages be dismissed, and defendants do not object to that recommendation. However, the magistrate recommended that plaintiff's request for declaratory relief not be dismissed, and defendants' have filed objections to that finding.

Relying on *Heck* and its progeny, defendants argue that plaintiff cannot seek declaratory relief because his conviction has not been overturned or otherwise vacated.

---

[2]Defendants Brown, Flagg, Grace and James filed their motion to dismiss (Doc. 19) on December 5, 2005. Defendant Morgenthaler filed an identical motion (Doc. 34) on February 28, 2006.

## ANALYSIS

When a plaintiff files suit under § 1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated. *Heck*, 512 U.S. at 486-87; *Wallace v. City of Chicago,* 440 F.3d 421, 425-26 (7th Cir. 2006). Where, as here, a plaintiff in an access to courts claim states that a challenge to an underlying conviction was hindered, damages are only available if the underlying conviction has been vacated or expunged. *Nance*, 147 F.3d at 591; *Hoard*, 175 F.3d at 533-34. Accordingly, as found by the magistrate and agreed to by defendants, plaintiff cannot seek damages in his access to courts claim unless he alleges that his conviction has been expunged, which he has not.

The magistrate then found that plaintiff's claim for declaratory relief should not be dismissed because declaratory relief may be sought in a § 1983 action. Declaratory relief is, indeed, recoverable under § 1983; however, the Court's inquiry does not end there. A declaratory judgment is inappropriate where there is no claimed continuing violation of federal law or any threat of future violation. *See Green v. Mansour*, 474 U.S. 64 (1985); *Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987); *Dial v. Coler*, 791 F.2d 78 (7th Cir. 1986). In his complaint, plaintiff alleges that defendants took his legal paperwork in 2002, when they knew he was facing a court deadline, causing his habeas corpus petition to be rejected. Plaintiff does not allege any continuing violations. Accordingly, plaintiff's request for a declaratory judgment that defendants' actions in 2002 were illegal does not state a valid claim under § 1983. Defendants' motion to dismiss as to plaintiff's request for declaratory relief under Count 3 is, therefore, **GRANTED**.

## CONCLUSION

Accordingly, the Court **SUSTAINS** defendants' objections (Doc. 42) and **ADOPTS** in part and **REJECTS** in part the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 41). Defendants' motions to dismiss Counts 3 and 5 (Docs. 19, 34) are **GRANTED**. The claims against defendant Christine Brown in Count 3 are **DISMISSED** for failure to state a claim. The remaining claims in Count 3 are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Count 5 is **DISMISSED WITH PREJUDICE** based on sovereign immunity. Counts 1, 2 and 4 were previously dismissed by the Court in its Order dated September 21, 2005. Accordingly, plaintiff has no remaining claims. This matter is hereby **DISMISSED**, each party shall bear its own costs. The Clerk of the Court is ordered to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 28, 2006.

> **s/ WILLIAM D. STIEHL**
> **DISTRICT JUDGE**