# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY C. CHEERS,       ) | |
|       ) | |
|     Plaintiff,     ) | |
|       ) | |
| v.          ) | Cause No. 04-CV-136-WDS |
|       ) | |
| RICHARD E. MORGENTHALER,   ) | |
| JULIUS FLAGG, CHRISTINE   ) | |
| BROWN, LT. GRACE, and C/O   ) | |
| JAMES,       ) | |
|       ) | |
|     Defendants.    ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are plaintiff's motion to alter or amend the judgment (Doc. 47), to which defendants have responded (Doc. 50); plaintiff's motion for leave to file an amended complaint (Doc. 48); plaintiff's motion for extension of time to file an amended complaint (Doc. 49); and defendants' motion to strike plaintiff's motion for leave to file an amended complaint (Doc. 51).

Plaintiff's original complaint was brought pursuant to 42 U.S.C. § 1983 and alleges violations of his constitutional rights under the First, Eighth and Fourteenth Amendments. The alleged violations occurred while plaintiff was incarcerated at Pickneyville Correctional Center. At all times material, defendants were employed at Pickneyville.

The Court separated the complaint into five counts. Counts 1, 2, and 4 were dismissed by the Court in an Order dated September 21, 2005. In an Order dated September 28, 2006, the Court dismissed the remaining claims. Judgment was entered in favor of defendants and against plaintiff on September 28, 2006.

Plaintiff now asks the Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59. Plaintiff argues he should be allowed to file an amended complaint for the following reasons: (1) he was not given access to the legal library in order to respond to defendants' objections to the magistrate's report and recommendation; (2) plaintiff only has access to the prison's legal library every two weeks at most without a court deadline; (3) he has little to no help filing and addressing court issues; (4) plaintiff has alleged an ongoing deprivation of rights by his repeated denial of access to the legal library; (5) plaintiff has been retaliated against for exercising his First Amendment rights; and (6) had plaintiff gained access to the legal library from September 16, through September 24, 2006, he would have requested leave to file an amended complaint. (Doc. 47).

Defendants argue that plaintiff's motion to alter or amend the judgment should be denied because plaintiff never filed any objections to the magistrate's report and recommendation, or responses to defendants' objections; plaintiff did not need access to the law library to file an objection to the report and recommendation or to notify the Court that he was being denied access to the law library; plaintiff cannot allege an ongoing constitutional violation because the courts allow strict time, place and manner restrictions on access to the library so long as the restrictions do not completely deny meaningful access to the courts.

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See*, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); *see also, Calumet Lumber, Inc. v. Mid-America Indus.,*

*Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Here, plaintiff seeks relief pursuant to Rule 59(e). Relief under Rule 59(e) must be invoked within ten days of the entry of the judgment. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); Fed. R. Civ. P. 59(e). The order at issue was entered on September 28, 2006. Petitioner's motion to alter or amend was filed on October 10, 2006. The docket sheet states that this motion was filed on October 10, 2006. However, since he is incarcerated, plaintiff is entitled to the benefit of the mailbox rule, thus his motion is deemed filed on that date set forth in the certificate of service. *Edward v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001). Petitioner's motion was dated October 4, 2006, thus that is the date used in determining timeliness. Federal Rule of Civil Procedure Rule 6(a) states that Saturdays, Sundays and legal holidays should not be included in this calculation. Thus, plaintiff's motion was timely filed.

Under Rule 59(e), a litigant may move the Court to alter or amend a judgment on three limited bases: newly discovered evidence; an intervening change in the controlling law; or manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Oil Co .*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Plaintiff's arguments do not fall under any of these categories, and he is, therefore, not entitled to relief pursuant to Rule 59(e). Further, as stated above, a motion to alter or amend is not the proper place for plaintiff to introduce evidence or arguments that should have been presented to the court prior to judgment. *Johnny Blastoff, Inc.*, 188 F.3d at 439. In his motion, plaintiff presents

3

no argument or evidence that could not have been brought to the Court's attention before the entry of judgment on September 28, 2006. Accordingly, plaintiff's motion to alter or amend the judgment (Doc. 47) is **DENIED** on all grounds raised.

Plaintiff also seeks leave to file an amended complaint adding parties and additional charges against the defendants. (Doc. 48). Defendants argue that plaintiff's motion for leave to file an amended complaint should be struck because the case was dismissed in its entirety on September 28, 2006. The Court agrees that plaintiff's request is without merit. Plaintiff's motion for leave to file an amended complaint (Doc. 48) is **DENIED** on all grounds. If plaintiff believes he has additional grounds for relief, he must file a new complaint under a new case number. Plaintiff's motion for extension of time to file an amended complaint (Doc. 49) is **DENIED** as moot. Defendants' motion to strike plaintiff's motion for leave to file an amended complaint (Doc. 51) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:    November 1, 2006.**

s/  WILLIAM D.  STIEHL
    **DISTRICT JUDGE**